IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA JARVIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0666-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Andrea Jarvis, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated robbery and sentenced him to 60 years confinement. His conviction and sentence were affirmed on direct appeal. *Jarvis v. State*, No. 05-02-00042-CR, 2002 WL 31513417 (Tex. App.--Dallas, Nov. 13, 2002, pet. ref'd.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Jarvis*, No. 63,499-01 (Tex. Crim. App. Mar. 15, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises five broad issues in 11 grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was insufficient to prove that he used or exhibited a deadly weapon during the robbery; (2) he was denied the right to allocution before sentencing; (3) the prosecutor

failed to give notice of his intent to introduce evidence of extraneous offenses; (4) he received ineffective assistance of counsel; and (5) he is actually innocent.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that the evidence was legally insufficient to prove that he used or exhibited a deadly weapon during the robbery.[1] Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). In making this determination, all the evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781.

The gravamen of petitioner's legal sufficiency challenge is that there is no evidence he "used and exhibited a deadly weapon" as alleged in the indictment. While it may be true that petitioner did not possess a weapon, the state was able to prove this aggravating element under the law of parties. Under Texas law, "[a] person is criminally responsible for an offense committed by the conduct of another if, . . . acting with intent to promote or assist the commission of the offense, he solicits,

---

[1] Respondent attempts to recharacterize petitioner's claim as a challenge to the factual sufficiency of the evidence which is barred from federal habeas review. *See Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13-14 (N.D. Tex. Sept. 14, 2001) (citing cases). However, petitioner clearly argues that there is *no* evidence he used or exhibited a deadly weapon during the commission of the robbery. This same argument was made by petitioner on state collateral review, but the state habeas court misconstrued the claim and denied post-conviction relief solely on the ground that the court of appeals rejected an unrelated sufficiency challenge. (*See* St. Hab. Tr. at 148, ¶ 5). Because this claim is properly before the court, it will be considered on the merits.

encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). The evidence adduced at trial showed that petitioner and Marcus Shelby robbed James Ullom, Jr., a cigarette store worker, at gunpoint. When petitioner and Shelby entered the store, petitioner told Ullom not to move and to put his hands on the counter or they would "have to hurt" him. (SF-III at 37, 39). Petitioner appeared to be in-charge of the robbery. (*Id.* at 39). Although it was Shelby, not petitioner, who pointed a gun at Ullom, (*see id.* at 42-43), the two clearly acted together to promote or assist the commission of the offense. Petitioner gathered approximately 100 to 130 cartons of cigarettes and loaded them into a bag while Shelby held a pistol to Ullom's chest. (*Id.* at 39-42). As a participant in the robbery, petitioner is criminally responsible for the gun used by his accomplice. *See Brown v. State*, ___ S.W.3d ___, 2006 WL 2192986 at *4-5 (Tex. App.--Houston [1st Dist.], Aug. 3, 2006). This ground for relief should be overruled.

C.

Petitioner further argues that he was denied the right to allocution at sentencing. If given the opportunity to address the court, petitioner alleges that he would have pointed to the absence of any evidence that he used or exhibited a gun during the commission of the offense which, in turn, would have required the trial court to set aside his aggravated robbery conviction.

This claim fails for at least three reasons. First, the right to allocution arises under state law and does not implicate a federal constitutional right. *See Dade v. Dretke*, No. 3-04-CV-0989-R, 2006 WL 1876636 at *3 (N.D. Tex. Jun. 30, 2006). Second, the record shows that petitioner, through his attorney, was given an opportunity to address the court before sentencing. (*See* SF-IV at 100). Third, the purpose of allocution is to allow a defendant to offer any reason why sentence should not be pronounced against him. Only three such reasons are recognized by Texas law:

> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.
>
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, . . . and
>
> 3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

*See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2002). The argument petitioner wanted to make at his allocution--that the state failed to prove the aggravating element of the offense--is not permissible under state law. This ground for relief is without merit and should be overruled.

### D.

Next, petitioner accuses the prosecutor of failing to give notice of his intent to use extraneous offense evidence as required by Tex. R. Evid. 404(b).[2] At issue is the testimony of Dallas Police Detective Phillip E. Jones, who testified on behalf of the state at the guilt-innocence phase of the trial. When asked by the prosecutor about his investigation of the robbery, Jones alluded to three other robberies at the same store in a one-month period. (*See* SF-III at 83-84). The trial court

---

[2] Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b). *See also* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp. 2005) (governing use of extraneous offense evidence during punishment phase of trial). As contemplated by this rule, defense counsel filed an omnibus pretrial motion requesting, *inter alia*, "notice of the State's intent to use extraneous offenses at trial[.]" (St. App. Tr. at 08).

sustained defense counsel's objection to that line of questioning and instructed the prosecutor to confine his inquiry to robbery alleged in the indictment. (*Id.* at 86). No further extraneous offense evidence was elicited from Jones. However, at the punishment hearing, three store employees implicated petitioner in the other robberies. (*See* SF-IV at 24-42, 42-52, 53-65). Petitioner now blames the prosecutor for using this extraneous offense evidence without proper notice to his attorney.

Like his allocution argument, this claim arises solely under state law and is not cognizable on federal habeas review unless petitioner can prove that the error deprived him of a fair trial. *See Evans v. Thigpen*, 809 F.2d 239, 242 (5th Cir.), *cert. denied*, 107 S.Ct. 3278 (1987); *Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir.1985), *cert. dism'd*, 106 S.Ct. 1798 (1986). No such proof exists here. The trial court did not permit Jones, or any other witness, to testify about extraneous offenses during the guilt-innocence phase of the trial. Although the state introduced evidence at the punishment hearing regarding three other robberies committed by petitioner, the court cannot say that the admission of this evidence, even if improper, prejudiced the outcome of the case. This is particularly true in light of petitioner's extensive criminal record, including six prior convictions, which was admitted into evidence without objection. (SF-IV, St. Exhs. 19-26).[3] *See Saunders v. Cockrell*, No. 3-02-CV-0229-D, 2002 WL 31156719 at *2 (N.D. Tex. Sept. 24, 2002), *citing Lucas v. Johnson*, 132 F.3d 1069, 1082 (5th Cir.), *cert. dism'd*, 119 S.Ct. 4 (1998) (habeas relief warranted only when erroneous admission of evidence played a "crucial, critical [and] highly significant role" in trial). Petitioner is not entitled to relief on this ground.

---

[3] During his closing argument, the prosecutor erroneously stated that petitioner had a total of 10 felony convictions. (*See* SF-IV at 89). When defense counsel objected, the prosecutor clarified that the three other robberies committed by petitioner were not final convictions, but should be considered by the jury in assessing punishment. (*Id.*).

E.

In multiple grounds for relief, petitioner argues that he received ineffective assistance of counsel at trial because his attorney: (1) failed to interview the robbery victim and four police officers; (2) did not object when the prosecutor sought to introduce extraneous offense evidence and the trial judge refused to let petitioner address the court before sentencing; (3) opened the door to extraneous offense evidence by moving for a mistrial; (4) made a prejudicial jury argument; (5) failed to point out inconsistencies in the description of the get-away vehicle; and (6) did not move for a judgment of acquittal. Petitioner also criticizes his appellate lawyer for failing to challenge his conviction on the ground that the jury charge did not contain a lesser included offense instruction.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Second, the petitioner must prove that he was prejudiced by his

attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

Most of petitioner's arguments are either conclusively negated by the record or patently frivolous. As previously discussed, petitioner was not prejudiced by the admission of extraneous offense evidence and was given an opportunity to address the court before sentencing. There simply was no basis for counsel to object on these grounds. Nor did counsel "open the door" to the admission of extraneous offense evidence by moving for a mistrial. That counsel asked for a mistrial when the prosecutor attempted to elicit testimony during the state's case-in-chief about other robberies committed by petitioner had no bearing on the admissibility of such evidence at the punishment hearing. Petitioner also criticizes his attorneys for ignoring inconsistencies in the evidence, not moving for a judgment of acquittal, and failing to appeal his conviction on the ground that the jury charge did not contain a lesser included offense instruction. However, a careful review of the record reveals that defense counsel highlighted inconsistencies in the description of the get-away car, (*see* SF-III at 111), moved for an instructed verdict after both sides rested and closed, (*see id.* at 119-20), and challenged the omission of a lesser included offense instruction on direct appeal, *see Jarvis*, 2002 WL 31513417 at *3. These grounds should be summarily overruled.

3.

Only two of petitioner's ineffective assistance of counsel claims merit any discussion. In one of his grounds, petitioner alleges that trial counsel was ineffective for failing to interview the robbery

victim and four police officers who testified at trial. Had counsel interviewed these witnesses, petitioner believes his attorney would have learned that he did not use or exhibit a gun during the commission of the robbery, would have uncovered contradictory evidence regarding the description of the get-away car, and would have discovered that two of the officers lacked personal knowledge to testify about the circumstances of his arrest.

In a sworn affidavit filed with the state habeas court, petitioner's attorney, David Pickett, explained that he did not interview the victim or police officers because such witnesses typically refuse to speak with defense counsel. (St. Hab. Tr. at 150). Moreover, Pickett did not believe it necessary to interview the police officers as he had full access to all police reports and doubted the officers could have provided any information not included in those reports. (*Id.*). The state court accepted this explanation and found that petitioner "was in no way denied his right to effective assistance of counsel[.]" (*Id.* at 147). That finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to establish that his attorney was ineffective for failing to conduct these pretrial interviews.

Even if counsel should have interviewed these witnesses, petitioner has not demonstrated prejudice. All the evidence which petitioner alleges should have been discovered by his attorney was, in fact, presented at trial. For example, James Ullom, Jr. testified that Marcus Shelby, not petitioner, held him at gunpoint during the robbery. (SF-III at 42-43). Officer Gibson acknowledged that he was not present when the police stopped the get-away car and apprehended petitioner and

Shelby. (*Id.* at 77). Counsel also questioned Detective Bailey about the get-away vehicle, getting him to admit that the car was "a gray Delta 88 Oldsmobile," not a "small compact tan car" as described by Ullom. (*See id.* at 46, 111). In sum, there is no reason to believe that the outcome of the trial would have been any different had defense counsel interviewed the state's witnesses.

4.

Petitioner also complains of a remark made by his attorney during closing argument on punishment. In an attempt to minimize the significance of petitioner's prior criminal record, which involved mostly theft convictions, counsel asked the jury to "take a look at all the facts surrounding these cases." (SF-IV at 92). Counsel proceeded to argue:

> Is this a life case? Is this the type of man that we want to ship away for life? I don't think so. Not in my opinion.
>
> I mean, to me, when you start getting out fifty, sixty, seventy, ninety-nine years or life, your talking about murders, rapes, robberies and all of that serious, serious crime. He's a thief. What do we do with a thief? That's up to you.

(*Id.* at 92-93). When this jury argument is considered in context, it is clear that counsel intended to distinguish petitioner's record as a "petty thief" from that of a violent criminal. This was sound trial strategy. Although counsel may have misspoke in including "robberies" among the serious crimes warranting a lengthy prison sentence, the court cannot say that this isolated remark amounted to ineffective assistance of counsel. The jury sentenced petitioner to 60 years largely because of his extensive criminal record and the aggravating circumstances of the instant robbery. Petitioner has failed to establish that his sentence would have been "significantly less harsh" but for counsel's poor choice of words. *See Daniel v. Cockrell*, 283 F.3d 697, 706 (5th Cir.), *cert. denied*, 123 S.Ct. 286 (2002), *citing Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (where ineffective assistance of counsel is alleged during the punishment phase of a non-capital case, petitioner must demonstrate

that his sentence would have been "significantly less harsh" but for the deficient performance of his attorney).[4] This ground for relief should be overruled.

### F.

Finally, petitioner contends that he is actually innocent. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Id*. at 741. Here, petitioner has failed to establish an underlying constitutional violation. Nor is there any evidence of his innocence. This ground for relief is without merit and should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

---

[4] In *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004), the Fifth Circuit abrogated the "significantly less harsh" test for ineffective assistance of counsel claims arising under the federal sentencing guidelines. *Id.* at 438. *See also Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001) (holding that "any amount of actual jail time has Sixth Amendment significance"). However, the court noted an important distinction between the federal guidelines and state sentencing regimes. Because state sentencing tends to be more discretionary than the more predictable federal system, "practically any error committed by counsel could [result] in a harsher sentence." *Grammas*, 376 F.3d at 438 n.4, *quoting Spriggs*, 993 F.2d at 88. Therefore, the court limited its adoption of the "any amount of jail time" test to cases involving the federal guidelines. *Id. See also Doria v. Dretke*, No. A-03-CA-693-LY, 2006 WL 1348386 at *11 n.5 (W.D. Tex. May 4, 2006); *Wadhwa v. Dretke*, No. 3-04-CV-1687-G, 2005 WL 1521846 at *2 n.1 (N.D. Tex. Jun. 27, 2005) (Kaplan, J.), *rec. adopted as modified*, 2005 WL 1679440 (N.D. Tex. Jul. 18, 2005).

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

  DATED: November 30, 2006.

                JEFF KAPLAN
                UNITED STATES MAGISTRATE JUDGE